45D11-2301-CT-000073
Filed: 1/20/2023 8:53 AM
Clerk
Lake County, Indiana
Lake Superior Court, Civil Division 7

USDC IN/ND case 2:23-cv-00069-AZ document 7 filed 01/20/23 page 1 of 8

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE LAKE CIRCUIT/SUPERIOR COURT |
| | ) SS: | |
| COUNTY OF LAKE | ) | CAUSE NO.: |

| | |
|---|---|
| DAVID YWARSKY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| WAL-MART TRANSPORTATION, LLC and | ) |
| WAL-MART STORES EAST, LP | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT FOR DAMAGES AND REQUEST FOR JURY TRIAL

Comes Now the Plaintiff, DAVID YWARSKY, and for this Complaint for Damages against the Defendants, WAL-MART TRANSPORTATION, LLC and WAL-MART STORES EAST, LP, and in this Request for a Jury Trial, alleges, and says:

1. The Plaintiff, DAVID YWARSKY, is a resident of New London County, in the State of Connecticut.

2. The defendant WAL-MART TRANSPORTATION, LLC is a limited liability company formed under the laws of Delaware, with its principal place of business in Arkansas.

3. WAL-MART STORES EAST, LP, is a limited partnership formed under the laws of Delaware, with its principal place of business in Arkansas.

4. Upon information and belief, the defendant, WAL-MART TRANSPORTATION, LLC owned, occupied, did business at and/or controlled the real property located 1340 141st Street in Hammond, Indiana on February 2nd, 2022.

5. Upon information and belief, the defendant, WAL-MART STORES EAST, LP occupied, did business at and/or controlled the "Walmart Distribution Center" and property located at 1340 141st Street, in the City of Hammond, County of Lake, State of Indiana on February 2nd, 2022.

6. On or about February 2nd, 2022, the plaintiff, DAVID YWARSKY, was a business invitee of the defendant WAL-MART STORES EAST, LP and/or WAL-MART TRANSPORTATION, LLC, located at 1340 141st Street, in the City of Hammond, County of Lake, State of Indiana

7. On February 2nd, 2022, the plaintiff, DAVID YWARSKY, was walking in the parking lot of the Wal-Mart Distribution Center property located at 1340 141st Street in Hammond, Indiana when he slipped on ice and fell to the ground (hereafter "Incident").

**Count 1: Negligence-Wal-Mart Transportation, LLC**

8. Plaintiff hereby incorporates paragraphs 1 through 7 of this Complaint in this Count 1 as fully stated therein.

9. On February 2nd, 2022, the defendant, WAL-MART TRANSPORTATION, LLC, owed to the Plaintiff, DAVID YWARSKY, a duty to exercise reasonable care in maintaining the property located at 1340 141st Street in Hammond, Indiana in a reasonably safe condition. *See Kroger Co. v. Haun,* 379 N.E.2d 1004 (Ind.App.1978).

10. On February 2nd, 2022, the defendant, WAL-MART TRANSPORTATION, LLC was negligent in failing to exercise reasonable care in maintaining the property located at 1340 141st Street in Hammond, Indiana in a reasonably safe condition.

11. Upon reasonable inspection, the agents and/or employees of the defendant, WAL-MART TRANSPORTATION, LLC knew or in the exercise of reasonable care would have discovered the ice and should have realized that it involved an unreasonable risk of harm to invitees such as the plaintiff, DAVID YWARSKY.

12. At the time of this Incident, the defendant, WAL-MART TRANSPORTATION, LLC should have expected that invitees such as the plaintiff, DAVID YWARSKY, would not realize or discover the ice formed in the parking lot of the Wal-Mart Distribution Center located at 1340 141st Street in Hammond, Indiana , or would fail to protect themselves against it.

13. On February 2nd 2022 , the defendant, WAL-MART TRANSPORTATION, LLC failed to exercise reasonable care in protecting its invitees such as the plaintiff, DAVID YWARSKY, by:

    a. failing to have the ice located on the surface of the parking lot of the Wal-Mart Distribution Center located at 1340 141st Street in Hammond, Indiana removed and/or otherwise remedied before the plaintiff, DAVID YWARSKY, began to walk on said parking lot,

    b. failing to warn the plaintiff, DAVID YWARSKY, of the icy condition of the parking lot of the Wal-Mart Distribution Center located at 1340 141st Street in Hammond, Indiana,

    c. failing to reasonably inspect the parking lot of the Wal-Mart Distribution Center located at 1340 141st Street in Hammond, Indiana , and/or

    d. allowing its invitees, such as the plaintiff, to use the icy area of the parking lot of the Wal-Mart Distribution Center located at 1340 141st Street in Hammond, Indiana.

14. The defendant, WAL-MART TRANSPORTATION, LLC's duty to warn the plaintiff, DAVID YWARSKY, of any hazards located on the parking lot of the Wal-Mart Distribution Center located at 1340 141st Street in Hammond, Indiana was not limited to only those dangers of which it is aware.  The defendant, WAL-MART TRANSPORTATION, LLC, as an invitor, had a duty to exercise reasonable care to discover defects or dangerous conditions, such as ice on the parking lot surface of the Wal-Mart Distribution Center located at 1340 141st Street in Hammond, Indiana and was charged with knowledge of any dangerous conditions that could have been discovered in the exercise of reasonable care. *Lutheran Hosp. of Indiana, Inc. v. Blaser*, 634 N.E.2d 864 (Ind. App. 1994).

15. At the time of this Incident, the plaintiff, DAVID YWARSKY, did not observe the ice on the surface of the parking lot of the Wal-Mart Distribution Center located at 1340 141st Street in Hammond, Indiana until after he fell.

16. As a direct and proximate result of the negligence of the defendant, WAL-MART TRANSPORTATION, LLC, the plaintiff, DAVID YWARSKY, sustained physical injuries.

17. As a direct and proximate result of the negligence of the defendant, WAL-MART TRANSPORTATION, LLC, the plaintiff, DAVID YWARSKY, has lost wages.

18. As a direct and proximate result of the negligence of the defendant, WAL-MART TRANSPORTATION, LLC, the plaintiff, DAVID YWARSKY, has incurred medical expenses and other costs.

19. As a direct and proximate result of the negligence of the defendant, WAL-MART TRANSPORTATION, LLC the plaintiff, DAVID YWARSKY, has experienced, among other things, physical pain, mental anguish, and the loss of enjoyment of life from his personal injuries.

WHEREFORE, the plaintiff, DAVID YWARSKY, respectfully requests judgment against the Defendant, WAL-MART TRANSPORTATION, LLC in an amount reasonable to compensate him for his damages, and any and all other relief deemed just and proper.

**Count 2: Negligence-Wal-Mart Stores East, LP**

20. Plaintiff hereby incorporates paragraphs 1 through 7 of this Complaint in this Count 2 as fully stated therein.

21. On February 2nd, 2022, the defendant, WAL-MART STORES EAST, LP, owed to the plaintiff, DAVID YWARSKY, a duty to exercise reasonable care in maintaining the property located at 1340 141st Street in Hammond, Indiana in a reasonably safe condition.  *See Kroger Co. v. Haun,* 379 N.E.2d 1004 (Ind.App.1978).

22. On February 2nd, 2022, the defendant, WAL-MART STORES EAST, LP was negligent in failing to exercise reasonable care in maintaining the  property located at 1340 141st Street in Hammond, Indiana in a reasonably safe condition.

23. Upon reasonable inspection, the employees and/or agent of the defendant, WAL-MART STORES EAST, LP knew or in the exercise of reasonable care would have discovered the ice and should have realized that it involved an unreasonable risk of harm to invitees such as the plaintiff, DAVID YWARSKY.

24. At the time of this Incident, the defendant, WAL-MART STORES EAST, LP should have expected that invitees such as the plaintiff, DAVID YWARSKY, would not realize or discover the ice formed in the parking lot of the Wal-Mart Distribution Center located at 1340 141st Street in Hammond, Indiana , or would fail to protect themselves against it.

25. On February 2nd, 2022, the defendant,  WAL-MART STORES EAST, LP failed to exercise reasonable care in protecting its invitees such as the plaintiff, DAVID YWARSKY, by:

a. failing to have the ice located on the surface of the parking lot of the Wal-Mart Distribution Center located at 1340 141st Street in Hammond, Indiana removed and/or otherwise remedied before the plaintiff, DAVID YWARSKY, began to walk on said parking lot,

b. failing to warn the plaintiff, DAVID YWARSKY, of the icy condition of the parking lot of the Wal-Mart Distribution Center located at 1340 141st Street in Hammond, Indiana,

c. failing to reasonably inspect the parking lot of the Wal-Mart Distribution Center located at 1340 141st Street in Hammond, Indiana , and/or

d. allowing its invitees, such as the plaintiff, to use the icy area of the parking lot of the Wal-Mart Distribution Center located at 1340 141st Street in Hammond, Indiana.

26. The defendant, WAL-MART STORES EAST, LP's duty to warn the plaintiff, DAVID YWARSKY, of any hazards located on the parking lot of the Wal-Mart Distribution Center located at 1340 141st Street in Hammond, Indiana was not limited to only those dangers of which it was aware.  The defendant, WAL-MART STORES EAST, LP, as an invitor, had a duty to exercise reasonable care to discover defects or dangerous conditions, such as ice on the parking lot surface of the Wal-Mart Distribution Center located at 1340 141st Street in Hammond, Indiana and was charged with knowledge of any dangerous conditions that could have been discovered in the exercise of reasonable care.  *Lutheran Hosp. of Indiana, Inc. v. Blaser*, 634 N.E.2d 864 (Ind. App. 1994).

27. At the time of this Incident, the plaintiff, DAVID YWARSKY, did not observe the ice on the surface of the parking lot of the Wal-Mart Distribution Center located at 1340 141st Street in Hammond, Indiana until after he fell.

28. As a direct and proximate result of the negligence of the defendant, WAL-MART STORES EAST, LP the plaintiff, DAVID YWARSKY, sustained physical injuries.

29. As a direct and proximate result of the negligence of the defendant, WAL-MART STORES EAST, LP, the plaintiff, DAVID YWARSKY, has lost wages.

30. As a direct and proximate result of the negligence of the defendant, WAL-MART STORES EAST, LP the plaintiff, DAVID YWARSKY, has incurred medical expenses and other costs.

31. As a direct and proximate result of the negligence of the defendant, WAL-MART STORES EAST, LP the plaintiff, DAVID YWARSKY, has experienced, among other things, physical pain, mental anguish, and the loss of enjoyment of life from his personal injuries.

WHEREFORE, the plaintiff, DAVID YWARSKY, respectfully requests judgment against the defendant, WAL-MART STORES EAST, LP in an amount reasonable to compensate him for his damages, and any and all other relief deemed just and proper.

Respectfully Submitted,

/s/ Michael J. Sobieray
Michael J. Sobieray #18894-41
Darron S. Stewart, #21114-29
STEWART & STEWART
931 S. Rangeline Road
Carmel, Indiana  46032
 Tel:  317.846.8999
*Attorneys for the plaintiff, David Ywarsky*

**REQUEST FOR JURY TRIAL**

Comes now the plaintiff, by counsel, and respectfully requests that the above matter be tried by jury.

/s/ Michael J. Sobieray
Michael J. Sobieray #18894-41
Darron S. Stewart, #21114-29
STEWART & STEWART
931 S. Rangeline Road
Carmel, Indiana 46032
 Tel: 317.846.8999
*Attorneys for the plaintiff, David Ywarsky*