UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| DAVID YWARSKY, )<br>   Plaintiff, )<br> )<br>v. )<br> )<br>WAL-MART TRANSPORTATION, LLC and )<br>WAL-MART STORES EAST, LP. )<br>   Defendants. ) | CAUSE NO.: 2:23-CV-69-PPS-JPK |

**OPINION AND ORDER**

This matter is before the Court *sua sponte*. Defendants Wal-Mart Transportation, LLC and Wal-Mart Stores East, LP removed this action from state court on February 23, 2023. The Court must continuously police its subject matter jurisdiction, and remand this action if it finds that jurisdiction is lacking. *See Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002); 28 U.S.C. § 1447(c). As the parties seeking federal jurisdiction, Defendants have the burden of establishing that subject matter jurisdiction exists. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802-03 (7th Cir. 2009).

  A. **Diversity of Citizenship**

Defendants assert that this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a), which provides for jurisdiction where the parties have diverse citizenship and the amount in controversy exceeds $75,000.00 exclusive of interest or costs. Currently, the Court is unable to determine if diversity jurisdiction exists.

As an initial point, Defendants' allegations of citizenship are all made in the present tense, that is, made as of the time of removal. *See* [DE 1 ¶¶ 7-10]. However, "diversity must exist both at the time of the original filing in state court and at the time of removal." *Altom Transp., Inc. v. Westchester Fire Ins. Co.*, 823 F.3d 416, 420 (7th Cir. 2016) (citations omitted). Defendants must

supplement their allegations to address the parties' citizenship at the time the complaint was filed. Further, the specific allegations as to the citizenships of each defendant are insufficient.

1. **Wal-Mart Stores East, L.P.**

The notice of removal is silent as to the citizenship of Defendant Wal-Mart Stores East, L.P. The notice instead refers to "Walmart, Inc.", a Delaware corporation with its principal place of business in Arkansas. [DE 1 ¶ 8]. However, Walmart, Inc. was not named in the complaint. If Defendants believe a defendant was misnamed or wrongly named, that is not explained in the notice of removal. As it stands, Plaintiff has sued Wal-Mart Stores East, L.P. and that party's citizenship has not been pled.

The Court notes that a limited partnership's citizenship is not determined by where it is organized or its principal place of business. "[A] limited partnership has the citizenships of each partner, general and limited." *Guar. Nat. Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 58 (7th Cir. 1996). If Wal-Mart Stores East, L.P., is a limited partnership, Defendants must list each partner and its citizenship. Moreover, the citizenship of each partner must be "traced through multiple levels" for partners that in turn have members or partners. *Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004); *see Thomas v. Guardsmark, LLC,* 487 F.3d 531, 534 (7th Cir. 2007) (jurisdictional statement for LLC "must identify the citizenship of each of its members . . . and, if those members have members, the citizenship of those members as well").

2. **Wal-Mart Transportation, LLC**

Defendants state that Defendant Wal-Mart Transportation, LLC "is a wholly-owned subsidiary of Walmart, Inc." [DE 1 ¶ 9]. In their corporate disclosure statement, they further state

2

that "[t]he citizenship of Wal-Mart Transportation, LLC is Arkansas. The citizenship of Walmart, Inc. is Delaware." [DE 5].

The allegation that "Wal-Mart Transportation, LLC is a wholly-owned subsidiary of Walmart, Inc.," is insufficient, and given that Walmart, Inc. is a citizen of both Delaware and Arkansas [*see* DE 1 ¶ 8], it is unclear how Defendants conclude that "[t]he citizenship of Wal-Mart Transportation, LLC is Arkansas." As with a partnership, a limited liability company takes the citizenship of its members. *See Belleville Catering Co. v. Champaign Mkt. Place, LLC,* 350 F.3d 691, 692 (7th Cir. 2003). Defendants must identify the name and citizenship of each member of Wal-Mart Transportation, LLC, and if the members are themselves limited liability companies or unincorporated entities, the citizenships of those members as well. *Thomas*, 487 F.3d at 534.

**B.     Amount in Controversy**

The notice of removal alleges that the amount in controversy exceeds $75,000 because (1) plaintiff alleges he "sustained injuries and lost wages as an alleged result of the incident . . . including physical pain, mental anguish, and the loss of enjoyment of life from his personal injuries," and (2) plaintiff's counsel did not agree to a "Stipulation and Covenant not to execute a judgment in excess of $75,000" as a condition of keeping the case in state court. [DE 1 ¶ 11].

It is Defendants' burden to establish jurisdiction in federal court, so the fact that Plaintiff did not agree to their offer to keep the case in state court is not sufficient. The complaint itself indicates that Plaintiff David Ywarsky slipped and fell on ice in a Walmart parking lot, but there are no facts about the severity of the injury or the extent of the damages. Although Plaintiff alleges injuries, lost wages, medical expenses, and other general categories of damages, there is no factual basis to support an inference that the claimed damages actually exceed $75,000. [*See* DE 7].

3

The Seventh Circuit's decision in *Walker v. Trailer Transit, Inc.*, 727 F.3d 819 (7th Cir. 2013), demands greater specificity. To remove a case based on an allegation that the jurisdictional minimum is satisfied by the plaintiff's state court complaint without facts from which that amount can plausibly be inferred, the defendant must

> receive[ ] a pleading or other paper that affirmatively and unambiguously reveals that the predicates for removal are present. With respect to the amount in controversy in particular, the pleading or other paper must specifically disclose the amount of monetary damages sought. This bright-line rule promotes clarity and ease of administration for the courts . . . and reduces guesswork and wasteful protective removals by defendants.

*Id.* at 824; *see Redfield v. Uthe*, No. 2:20-cv-199-TLS-JPK, 2021 WL 2451906, at *3 (N.D. Ind. June 15, 2021). When state law restricts the plaintiff's ability to provide a damage figure in the complaint, as was the case here[1], a defendant can use jurisdictional requests for admission to determine whether the amount in controversy is met. *Walker*, 727 F.3d at 824 n. 4.

### C. Conclusion

For the reasons described herein, Defendants must supplement their jurisdictional allegations and their corporate disclosure statement. *See* Fed. R. Civ. P. 7.1(a)(2) (the statement must properly "name—and identify the citizenship of—every individual or entity whose citizenship is attributed to that party"). Therefore, the Court **ORDERS** Defendants to **FILE** a supplemental jurisdictional statement and corporate disclosure statement, consistent with this opinion and order, on or before **April 25, 2023**.

So ORDERED this 28rd day of March, 2023.

s/ Joshua P. Kolar  
MAGISTRATE JUDGE JOSHUA P. KOLAR  
UNITED STATES DISTRICT COURT

---

[1] *See* Ind. R. Tr. P. 8(A)(2) ("[I]n any complaint seeking damages for personal injury or death, or seeking punitive damages, no dollar amount or figure shall be included in the demand.").