UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| DAVID YWARSKY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CASE NO.: 2:23-cv-00069-JPK |
| v. | ) |
| | ) |
| WAL-MART TRANSPORTATION, LLC | ) |
| and WAL-MART STORES EAST, LP. | ) |
| | ) |
| Defendants. | ) |

## SUPPLEMENTAL JURISDICTIONAL STATEMENT

Defendants, WAL-MART TRANSPORTATION, LLC and WAL-MART STORES EAST, LP., by counsel, in compliance with the Court's Order dated March 28, 2023 [Dkt. 12], submits this Supplemental Jurisdictional Statement:

**A.    Diversity Jurisdictional Statement**

1.    Defendants have asserted federal jurisdiction on the basis of diversity. Diversity jurisdiction requires that a suit be between "citizens of different States" or "citizens of a State and citizens of a foreign State" and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

2.    On March 28, 2023, this Court ordered Defendants to file a Supplemental Jurisdictional Statement that properly alleges the citizenship of Defendants, Wal-Mart Transportation, LLC and Wal-Mart Stores East, L.P.

3.    Plaintiff is a citizen of the State of Connecticut.

4.    Because limited liability companies are citizens of every state of which any member is a citizen, a proper jurisdictional statement must identify the citizenship of each of a limited

liability company's members, and if those members have members, the citizenship of those members as well. *Belleville Catering v. Champaign Marketplace, LLC.*, 350 F.2d 691, 692 (7th Cir. 2003); *Thomas v. Guardsmark*, LLC, 487 F.3d 531, 534 (7th Cir. 2007). To properly identify the citizenship of a corporation, the jurisdictional statement must set out both the state of its incorporation and the state in which its principal place of business is located. 28 U.S.C. § 1332(c)(1).

5.      The citizenship of unincorporated associations such as Wal-Mart Stores East L.P. is "the citizenship of all the limited partners, as well as of the general partner." *Hart v. Terminex Int'l*, 336 F.3d 541, 542 (7th Cir. 2003); *see also Hicklin Engineering, L.C. v. R.J. Bartell*, 439 F.3d 346-347-48 (7th Cir. 2006) (the citizenship of a limited liability company is that of its members). "[T]he citizenship of unincorporated associations must be traced through however many layers of partners or members there may be. *Hart*, 336 F.3d at 543.

6.      The following depicts the additional information that should have been outlined in the Notice of Removal [Dkt. 1] related to WAL-MART TRANSPORTATION, LLC:

      a.      The sole member of Wal-Mart Transportation, LLC is Wal-Mart Stores East, LP, a Delaware Limited Partnership.

      b.      The principal place of business is the State of Arkansas.

7.      The following depicts the additional information that should have been outlined in the Notice of Removal [Dkt. 1] related to WAL-MART STORES EAST, LP.:

      a.      Wal-Mart Stores East, LP is a Delaware limited partnership of which WSE Management, LLC, is the sole general partner and WSE Investment, LLC is the sole limited partner. The WSE entities are Delaware Limited Liability Companies.

b.   The sole member of both WSE Management, LLC and WSE Investment, LLC is Wal-Mart Stores East, LLC, an Arkansas Limited Liability Company.

c.   The sole member of Wal-Mart Stores East, LLC is Walmart, Inc., a corporation organized under the laws of Delaware.

d.   The principal place of business of all entities referenced above is the State of Arkansas.

8.   Based on the above stated information it is believed that diversity of citizenship does exist in this case and jurisdiction is appropriate.

**B.   Amount in Controversy**

9.   Turning to the amount in controversy, when the complaint does not establish the amount in controversy, a defendant's "good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence." *Oshana v. Coca–Cola, Co.* 472 F.3d 506, 511 (7th Cir. 2006). The Seventh Circuit has "suggested several ways in which this may be done," and explained the list is not exclusive, and a removing party is *not required* to use these methods, *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 542 (7ᵗʰ Cir. 2006) [emphasis added]. "[A]ny proponent of federal jurisdiction may find a better way to establish what the controversy between the parties amounts to." *Id.* "It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." See *St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 288-289 (1938).

10.   Like in this case, another factor a removing party may consider when making the good-faith estimate of the amount of controversy is a plaintiff's failure to stipulate that his or her claim is worth less than $75,000, exclusive of interest and costs. *Workman v. United Parcel Serv., Inc.*, 234 F.3d 998, 1000 (7th Cir. 2000). *The Seventh Circuit has held that when a plaintiff facing*

removal chooses not to stipulate that her claim is worth less than $75,000, "*the inference arises that [she] thinks [her] claim may be worth more*." *Workman*, 234 F.3d at 1000; *see also McGowan v. Care Ambulance Serv.,* 2016 WL 1626273 at *2 (S.D. Ind. 2016) (denying Plaintiff's motion to remand while reinforcing the Seventh Circuit's consistent position that a Plaintiff can prevent removal by stipulating to the jurisdictional limit) [emphasis added].

11.     Defendants made a good-faith estimate of the amount in controversy. While making their good-faith estimate, Defendants weighed the allegations from the Complaint, as well as the following, which led to their good-faith estimate that the amount-in-controversy requirement is satisfied:

a.  On January 31, 2023, Defendants' counsel emailed Plaintiff's counsel seeking information on injuries and damages in effort to determine whether removal was ripe. *See* Exhibit A.

b.  On February 7, 2023, Defendants' counsel sent a follow up email.  *See* Exhibit B.

c.  On February 21, 2023, Defendants' counsel followed up again.  Likewise, the undersigned attached a stipulation and covenant not to execute above $75,000 and confirming that removal would proceed if Plaintiff's counsel would not consent.  *See* Exhibit C.

d.  On April 17, 2023, Defendants' counsel again requested information on the treatment and specials.  *See* Exhibit D.

e.  In an effort to further ascertain the damages, the undersigned contacted the worker's compensation carrier to determine the lien which sits at $53,960.65; this information was recently provided on April 19, 2023.  *See* Exhibit E.

12.     Given that Plaintiff was aware that Defendants intended to remove this case but also chose not to stipulate that the damages are worth less than $75,000, the inference is clear that Plaintiff is demonstrating that his claim may be worth more.  *Supra Workman.*  Courts have acknowledged the difficulty a defendant faces when the plaintiffs, who control the allegations of the complaint, do not want to be in federal court and provide little information about the value of their claims. *Oshana,* 472 F.3d at 511.  This is why a good-faith estimate is acceptable.  *Id.*

13.     The factors listed herein—including the ~$53k worker's compensation lien Plaintiff's claims for physical injuries, physical and mental pain and suffering, medical expenses, permanency and other pecuniary damages, plus his refusal to assert his damages are less than $75,000 - established Defendants' good-faith estimate of the amount in controversy.  *See Murphy v. Baker and KC Transp.,* 2015 WL 789786 at *1-2 (N.D. Ind. 2015) (denying Plaintiff's motion to remand based upon Plaintiff's claims for pain, suffering, lost time, permanency, and Plaintiff's refusal to assert her damages are less than $75,000 established Defendant's good faith estimate for removal on the jurisdictional limit); *see also Dolgos v. Liberty Mut. Ins. Co.,* 2012 WL 2838674 (N.D. Ind. 2012) (denying Plaintiff's motion to remand where Plaintiffs did not take proper precautions to prevent original jurisdiction in federal court and a stipulation and covenant not to execute was not entered before the case was removed); *see also Bunch v. Walmart,* 2009 WL 1076162 at *2 (N.D. Ind. 2009) (denying Plaintiff's motion to remand because Walmart established a good-faith estimate that the amount in controversy exceeds $75,000 based on Plaintiff's permanent injuries, physical pain and mental suffering, and medical expenses and treatment alleged in the complaint).  The foregoing is properly considered in estimating the amount in controversy, all of which are present here.

14.     Although Defendants contend they have proffered the requisite evidence necessary to establish jurisdiction, it is noteworthy that Plaintiff has not provided any contrary information relating to the value of his claim nor sought remand.  While Defendants admit they have the burden of supporting the jurisdictional allegations by a preponderance of the evidence *once they have been contested*, they have *never* been contested by Plaintiff.  Plaintiff has never contested that the amount of controversy was less than $75,000, exclusive of interest and costs.  *See Blackburn v. Menards,* 2010 WL 11680182 at *2 (N.D. Ind. 2010) (citing a *Cf. Workman,* 234 F.3d at 1000 for the proposition that a party that fails to "stipulate that his claim is worth less than $75,001, the inference arises that he thinks his claim may be worth more").

15.     Based on the foregoing, the record establishes that Defendants' good-faith estimate of the amount in controversy is plausible and supported by a preponderance of the evidence. The information provided by Defendants is sufficient to establish that the amount in controversy exceeds the amount specified in 28 U.S.C. § 1332(a).

WHEREFORE, removing parties WAL-MART TRANSPORTATION, LLC and WAL-MART STORES EAST, LP, by counsel, respectfully request that the Court assume jurisdiction of the above matter.

**LEWIS WAGNER, LLP**


By:     */s/ Lesley A. Pfleging*_____
        LESLEY A. PFLEGING, #26857-49A
        MACIE L. HINEN, #36847-49
        ***Counsel for Defendants***

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on April 19, 2023, a copy of the foregoing was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the court's electronic filing system. Parties may access this filing through the court's system.

Michael J. Sobieray
Darron S. Stewart
STEWART & STEWART
931 S. Rangeline Road
Carmel, IN 46032
Mike@getstewart.com
Darron@getstewart.com
***Counsel for Plaintiff***

By: /s/ *Lesley A. Pfleging*
LESLEY A. PFLEGING

LEWIS WAGNER, LLP
1411 Roosevelt Avenue, Suite 102
Indianapolis, IN 46201
Telephone:   317-237-0500
Facsimile:    317-630-2790
lpfleging@lewiswagner.com
mhinen@lewiswagner.com